**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Walter EASTON, II, aka Walter T. Easton; Capone; Walter T. McLemore, Defendant–Appellant.**

**No. 00–30096.**

**D.C. No. CR–99–00049–FVS.**

---

\* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

United States Court of Appeals,
Ninth Circuit.

Submitted May 11, 2001 \*.

Decided May 24, 2001.

Before FARRIS, TROTT, and BERZON, Circuit Judges.

MEMORANDUM \*\*

Walter Easton, II appeals the district court's denial of his motion to withdraw his

---

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

guilty plea. Easton claims that he is entitled to change his plea because his mental impairments precluded him from understanding the nature and consequences of his guilty plea. We have jurisdiction pursuant to 28 U.S.C. § 1291, and AFFIRM the district court.

Because the parties are familiar with the facts of this case, we recount them here only where necessary to explain our decision.

### 1. Standard for Withdrawal

The threshold issue in this case is whether Easton must show "a fair and just reason" for withdrawing his plea or whether he must satisfy the more demanding standard requiring him to show that a denial of his motion would result in a "manifest injustice." We need not resolve this issue, however, because Easton has failed to satisfy even the more lenient "fair and just reason" standard.

### 2. The district court properly denied Easton's request to withdraw his guilty plea

Easton claims that although though there is nothing in the plea colloquy evidencing his purported inability to understand the consequences of his guilty plea, a neuropsychological examination performed on him by Dr. Beaver subsequent to the plea hearing proves otherwise. This argument lacks merit.

Dr. Beaver's report does not indicate that Easton was unable to understand the plea proceedings, comprehend what was at stake, or participate intelligently in the proceedings. While Dr. Beaver opined that Easton "has difficulty with higher level reasoning and problem solving skills," there is nothing in Dr. Beaver's report indicating that "higher level reasoning" was required for Easton to comprehend the nature and consequences of his guilty plea. Moreover, Dr. Beaver's report states that Easton "is certainly capable of understanding basic directions and conversation."

Furthermore, despite Dr. Beaver's conclusion that Easton conceals his ignorance by leading others to believe that he is highly capable and intelligent, Easton openly asked the district court to explain certain ramifications of his guilty plea. For instance, when the district court informed Easton that his plea agreement precluded both Easton and the government from seeking a departure under the United States Sentencing Guidelines, Easton asked the court what that meant. Later, Easton asked the court to clarify its statement that it was not bound to follow the agreements and recommendations of the parties. These self-prompted queries by Easton illustrate his attentiveness to, and understanding of, the plea proceeding.

Accordingly, the district court properly exercised its discretion in concluding that Easton failed to present any fair and just reason for withdrawing his plea, notwithstanding the neuropsychological examination of Dr. Beaver.

AFFIRMED